[Civ. No. 61716. Second Dist., Div. Four. May 4, 1981.]

JACK PAUL PERKINS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SEARS, ROEBUCK & COMPANY et al., Real Parties in Interest.

COUNSEL

George O. West and Daniel P. Powell for Petitioner.

No appearance for Respondent.

Knapp, Petersen & Clarke and Robert W. Cramer for Real Parties in Interest.

## OPINION

**WOODS, J.**—This is a proceeding in mandate for review of an order of respondent placing certain limitations upon the scope of written interrogatories propounded by the plaintiff in a personal injury action which seek to discover similar instances of explosions of car batteries manufactured and sold by defendants.

The question presented is whether the particular restrictions placed upon the scope of the interrogatories constitute an abuse of discretion.

### FACTS

On May 26, 1978, plaintiff filed his complaint for personal injuries. The injuries are alleged to have resulted from a defective car battery manufactured and sold by defendants which exploded in plaintiff's face on November 17, 1977, as he was attempting to remove the battery cap. The complaint is based upon negligence and products liability theories. On February 28, 1980, plaintiff propounded written interrogatories to defendants. Interrogatories 9 and 10 stated: "9. Have any other lawsuits been filed against SEARS, ROEBUCK & CO. and/or GLOBE-UNION, INC. concerning personal injuries received from battery explosions of the same make and model number as the battery received by William Forman from plaintiff?

"10. If your response to Interrogatory No. 9 above is in the affirmative, please state:

"(a) The case caption and filing number;

"(b) The date of alleged injury and date of filing;

"(c) The county and state of filing;

"(d) The disposition of the lawsuit."

Defendants served objections to interrogatories 9 and 10 stating: "Defendant objects to this interrogatory upon the grounds that it is overly broad and therefore unjustly burdensome and oppressive, because it is not limited in any manner to the circumstances of this accident, specifically, that plaintiff was pulling a stuck battery cap; and that it seeks information which is equally available to the propounder, as lawsuits are a matter of public record, and that it seeks information which is irrelevant to the subject matter of this lawsuit and not designed to lead to the discovery of admissible evidence, or whose relevance to any issue in this lawsuit is so miniscule compared to the burden on this defendant in ascertaining same." Defendants did not include in their objections any declarations concerning the manner in which actions against them are indexed or the time and expense anticipated for them to obtain the information requested.

After plaintiff's letter request for further answers was refused by defendants, plaintiff moved to compel further answers. Defendants opposed the motion.

*Trial Court's Orders:*

On May 21, 1980, the respondent granted plaintiff's motion for further responses to interrogatories 9 and 10 but restricted the scope of those interrogatories as follows: "Motion for order to compel further answers to interrogatories is granted as to #9, except it is limited to all cases filed and served within 2 years prior to 11-17-77 and limited to accidents involving pulling a stuck battery cap and is further limited to cases filed and served within the United States. The respondents are ordered to answer interrogatory #10, all answers are to be within 30 days, . . ."

Defendants filed further answers to the interrogatories, as limited by the May 21, 1980 order, which stated that defendants had examined their records, and "can find no records which reflect any such lawsuits."

On July 18, 1980, plaintiff petitioned this court for extraordinary relief in 2 Civil No. 59950. We issued an alternative writ of mandate and set the matter for hearing on our November 12, 1980, calendar. However, prior to calendar, respondent filed a return showing its compliance with the first alternative specified in the writ by issuance of its minute order of October 31, 1980, vacating its prior order of May 21, 1980,

and ordering defendants to answer plaintiff's interrogatories 9 and 10 within 30 days. The proceeding in mandate was accordingly dismissed as moot November 7, 1980.

However, defendants did not answer the interrogatories and instead filed with respondent a "Motion to Reinstate Prior Discovery Order of May 21, 1980." The motion was made upon the ground that respondent had misconceived the import of this court's alternative writ and believed it required vacation of the order of May 21, 1980, without alternative. The motion was granted January 27, 1981, and the prior order of May 21, 1980, denying plaintiff's motion to compel answers, was "reinstated."

Plaintiff filed the present petition for writ of mandate on March 3, 1981. An alternative writ issued and the matter was placed on calendar.

## DISCUSSION

■ A party to a civil action is entitled to discovery by written interrogatory of any matter, not privileged, which is relevant to the subject matter involved in the pending action, and it is not ground for objection that the information will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Code Civ. Proc., §§ 2016, subd. (b) and 2030.) Discovery is to be liberally allowed. However, the trial court has broad discretion in ruling on discovery matters, and such a ruling may only be disturbed by an appellate court when it constitutes an abuse of discretion. (*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 380 [15 Cal.Rptr. 90, 364 P.2d 266].)

■ While the interrogatories as propounded were perhaps overly broad, the limitations imposed by respondent too severely restrict their scope. The first vice is that the restriction as to filing dates prevents discovery of actions involving circumstances identical to those in the underlying action which were filed and served on or after the date of plaintiff's alleged injury, November 17, 1977. This restriction would theoretically prevent plaintiff's discovery of an action of identical causes and date of injury as his own, which was of necessity filed after the date of plaintiff's injury. Such an action could well involve exploding batteries which were of the same make, model number, and place of manufacture, and of similar date of manufacture, as the battery of which plaintiff complains. There is no reasonable basis for such restriction of

discoverable actions. This restriction was a clear abuse of discretion, particularly in the absence of any evidentiary showing by defendants that a search for these later cases would require disproportionately additional effort and expense beyond that already expended in search for actions filed within two years prior to plaintiff's injury.

The second vice of the imposed restrictions is that discovery is limited to injuries caused, in defendants' opinion, by the pulling of a stuck battery cap. While defendants correctly note that explosions caused by extraneous electrical sparks or engine fires would not likely lead to admissible evidence and should therefore be excluded from the scope of discovery, it is reasonably likely that other, similar, external forces could trigger the same defect in design, materials or workmanship that is alleged to have been triggered by plaintiff's manipulation of the battery cap.

The causal connection, if any, between external forces and the alleged battery defect is a matter for expert testimony and the trier of fact. To limit discovery to explosions occurring under exactly identical factual circumstances usurps the function of discovery by preventing independent development of information that could establish the existence of a common defect triggering explosions under varying, but not causally dissimilar, circumstances. Plaintiff should be allowed to obtain any leads that could reasonably tend to establish such a defect.

Let a peremptory writ of mandate issue requiring respondent to vacate its orders of May 21, 1980, and January 27, 1981, and to make a new and different order compelling defendants to answer plaintiff's interrogatories, numbers 9 and 10, as to all actions against them which were filed and served in the United States from November 17, 1975, to the date of the new order issued by the superior court, and which involve explosions of batteries of the same make and model as the battery of which plaintiff complains, which explosions were alleged to have resulted from any cause other than engine fires or electrical shorts.

Files, P. J., and Kingsley, J., concurred.