[No. A027411. First Dist., Div. Two. Feb. 20, 1986.]

LOUIS FISHER, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
ALPHA THERAPEUTIC CORPORATION, Real Party in Interest.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication, with the exception of parts II and III.

COUNSEL

William G. Lewis and McCray & Lewis for Petitioner.

No appearance for Respondent.

Kenneth E. Johnson and O'Melveny & Myers for Real Party in Interest.

OPINION

**ROUSE, J.**—Petitioner, Louis Fisher, seeks a writ of mandate to overturn an order of the superior court denying in part his motion to compel further answers to his first set of interrogatories directed to real party, Alpha Therapeutic Corporation (Alpha). We issued an alternative writ. We now determine that the court below erred in denying some of the discovery and direct the issuance of a peremptory writ of mandate.

The background facts giving rise to this litigation are largely undisputed. Alpha operates donor centers throughout the United States for the collection of plasma and other blood products. Fisher was hired by Alpha in the summer of 1978 to become director of its San Francisco donor center. Less

than a year after beginning his services for Alpha, Fisher was diagnosed as having lymphosarcoma, a form of cancer affecting his lymphatic system. He was required to cease work to undergo medical treatment. Fisher was unable to return to Alpha within one year of the date he began a medical leave of absence. In January 1981, his doctor released him to return to work with certain restrictions. Alpha contends that because of Fisher's restrictions, it was not able to find a position for him. On February 23, 1981, Fisher was terminated retroactively, purportedly on the basis of a written policy of Alpha's limiting medical leaves of absence to one year. The factual existence of such a policy is in dispute.

On March 11, 1981, Fisher filed a complaint against Alpha with the Department of Fair Employment and Housing (DFEH). In the complaint Fisher alleged that in being terminated he had been discriminated against on the basis of his "medical condition, in violation of Government Code section 12940."[1] He did not allege in the complaint that he was discriminated against because of a "physical handicap." The DFEH investigated the complaint and determined that Alpha had not discriminated against Fisher. It concluded "(1) Complainant was not cured of cancer and required continuing treatment and care; (2) Complainant's limitations . . . of avoiding climactic extremes, avoiding fatigue and infection were very difficult for [Alpha's] job of Director of a Facility where germs were prevalent, temperatures were extreme, and the hours were long and stressful; (3) Respondent attempted to accommodate complainant despite a policy that allowed for termination for in excess of one year's medical leave of absence."

Thereafter Fisher brought this action for wrongful discharge, alleging three theories: (1) that he was fired in violation of section 12940, which prohibits discrimination against an employee on the basis of a medical condition, which is defined in section 12926 as a health impairment related to cancer; (2) that he was fired in violation of implied in fact terms of his employment contract; and (3) that he was fired in violation of the covenant of good faith and fair dealing implied in his employment contract because Alpha had represented to him that he could take as much time off as he needed for treatment of cancer, that it would find a position for him when and if he recovered, that he did recover and attempted to return to work but was refused reinstatement and fired retroactively.

The interrogatories to which Fisher seeks to compel answers fall into three separate categories: (1) thirteen questions relating to an employer's duty to make reasonable accommodation for the needs of an employee with a physical handicap (interrogatories Nos. 5, 6, 7, 8, 9, 44, 45, 46, 47, 48,

---

[1]All further statutory references are to the Government Code unless otherwise indicated.

51, 93 and 94); (2) one question seeking identification of and information regarding each of Alpha's insurance policies (interrogatory No. 83); and (3) three questions which Fisher contends pertain to the adequacy of his job performance (interrogatories Nos. 96, 97 and 98). We will consider each category of questions in turn.

## I.

Section 12940, subdivision (a), provides that it is an unlawful employment practice, unless based upon a bona fide occupational qualification, for an employer to discriminate against a person on the basis of, inter alia, "physical handicap" or "medical condition." Section 12926, subdivision (h), provides: "'Physical handicap' includes impairment of sight, hearing, or speech, or impairment of physical ability because of amputation or loss of function or coordination, or any other health impairment which requires special education or related services." Section 12926, subdivision (f), provides: "'Medical condition' means any health impairment related to or associated with a diagnosis of cancer, for which a person has been rehabilitated or cured, based on competent medical evidence."

In 1973, the Legislature enacted the predecessor to section 12940, i.e., Labor Code section 1420. As originally enacted, the section prohibited discrimination on account of "physical handicap" but not "medical condition." In 1975, the provision prohibiting cancer-related discrimination was added by Assembly Bill No. 1194, authored by Assemblyman Siegler. In a statement issued while the bill was in committee hearings, the author explained that his proposal had "been proven necessary because of the experiences of a number of cured cancer sufferers, who have appealed to the Fair Employment Practices Commission [the predecessor to the Fair Employment and Housing Commission], and have been told that the present regulation outlawing employment discrimination on the basis of 'physical handicap' does not cover discrimination based on a history of cancer."

■ Alpha argues that cancer-related discrimination does not fall within the prohibition against discrimination on the basis of physical handicap, as demonstrated by the fact that the Legislature felt the need to enact Assembly Bill No. 1194 in 1975; that although regulations implementing the Fair Employment and Housing Act require that an employer reasonably accommodate an employee with a physical handicap (Cal. Admin. Code, tit. 2, §§ 7293.8, 7293.9), no such reasonable accommodation is required for an employee with a cancer-related medical condition; and that, therefore, interrogatories regarding its ability to reasonably accommodate Fisher's medical condition are not relevant to Fisher's pending action.[2]

---

[2] Interrogatories may relate to "any matter, not privileged, which is relevant to the subject matter involved in the pending action." (Code Civ. Proc., §§ 2016, subd. (b), 2030, subd. (c).)

The Fair Employment and Housing Commission (the Commission), which administers the Fair Employment and Housing Act (the Act) (§ 12900 et seq.), has squarely rejected the contention that an employer has no duty of reasonable accommodation to an employee who has a cancer-related medical condition within the meaning of the Act: "[T]he defense embodied in Government Code section 12940, subdivision (a)(2) [that an employer is not prohibited 'from refusing to hire or discharging an employee who, because of the employee's medical condition, is unable to perform his or her duties, or cannot perform such duties in a manner which would not endanger the employee's health or safety or the health or safety of others'] would hardly have meaning if the medical condition provision of the Act, which we have previously found generally overlaps with the one pertaining to physical handicap, did not require reasonable accommodation even though it is required in cases involving physical handicaps. (Cal. Admin. Code, tit. 2, § 7293.8, subds. (b) and [(c.)].) Second, an individual such as [the complainant], who is rehabilitated from cancer but not cured, must forever undergo regular check-ups and must also promptly seek medical attention at the onset of physical symptoms which may be signs of a recurrence of cancer; there is an obvious need for accommodation of the individual's doctor appointments, some of which may constitute medical emergencies and may of necessity require absences during regular work hours." (*DFEH* v. *Kingsburg Cotton Oil Company (Austin)* (1984) FEHC Dec. No. 84-30, at p. 31.)[3]

The Commission's interpretation of the act which it enforces is, of course, entitled to great weight. (See *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 491 [156 Cal.Rptr. 14, 595 P.2d 592]; *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668-669 [150 Cal.Rptr. 250, 586 P.2d 564].) We agree with the logic of the Commission's interpretation. Additionally it comports with the directive of section 12993, subdivision (a): "The provisions of this part shall be construed liberally for the accomplishment of the purposes thereof . . . ." (See *American National Ins. Co.* v. *Fair Employment & Housing Com.* (1982) 32 Cal.3d 603, 610 [186 Cal.Rptr. 345, 651 P.2d 1151].)

---

[3]The employer in the Kingsburg case successfully petitioned the superior court for a writ of mandamus to overturn the decision of the Commission. (Kingsburg Cotton Oil Co. v. Fair Employment & Housing Com. (Super. Ct. Fresno Co., No. 326964-4, decided Dec. 31, 1984).) The court, however, did not disagree with the Commission's position that the "physical handicap" and "medical condition" provisions of the Act overlap and that reasonable accommodation is required for an employee who is disadvantaged by a cancer-related condition. It held, rather, that the Commission's determination that the employer had discriminated on the basis of a cancer-related medical condition was not supported by substantial evidence, and that the Commission lacked authority to award compensatory damages for emotional distress. The decision is now on appeal to the Court of Appeal for the Fifth Appellate District.

■ A ruling on discovery will be disturbed by an appellate court only when it constitutes an abuse of discretion. (*Perkins* v. *Superior Court* (1981) 118 Cal.App.3d 761, 765 [173 Cal.Rptr. 596].) ■ The court below erred as a matter of law in upholding Alpha's relevancy objection to the 13 interrogatories regarding the employer's duty of reasonable accommodation. Consequently, its ruling thereon constituted an abuse of discretion.

## II.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

Let a peremptory writ of mandate issue directing respondent superior court to set aside the portions of its order of May 2, 1984, denying Fisher's motion to compel answers to interrogatories Nos. 5, 6, 7, 8, 9, 44, 45, 46, 47, 48, 51, 93 and 94 only, and to conduct further proceedings consistent with the views expressed in this opinion.

Kline, P. J., and Smith, J., concurred.

---

*See footnote, *ante,* page 779.